NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-126-KKC

LORENZO EATON                                                                                        PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

D. L. STINE, Warden                                                                                 RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Lorenzo Eaton, an individual presently confined at the United State Penitentiary-McCreary in Pine Knot, Kentucky, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. When he was denied permission to proceed *in forma pauperis*, he paid the habeas filing fee.

The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner challenges Bureau of Prisons ("BOP") sanctions against him on the grounds that they were imposed (1) contrary to BOP policy; (2) in violation of his constitutional due process rights; and (3) without the due process procedures which others are provided who are similarly situated, construed to be an equal protection claim.

ALLEGATIONS OF THE PETITION

The petitioner has submitted a commonly used petition form which is partially complete; a memorandum of law; and several attached exhibits. The following is a summary or construction of the allegations therein.

After a bench trial in the United State District Court for the Northern District of Illinois, the petitioner was convicted of possessing a firearm after a felony conviction in violation of 18 U.S.C. §922(g)(1), and in February of 2005, he was sentenced to 87 months' imprisonment. *See United States v. Eaton*, 154 Fed.Appx. 513 (7th Cir. November 14, 2005) (unpublished).

While the petitioner was a pre-trial detainee housed in a local facility, the Metropolitan Corrections Center ("MCC"), he received several incident reports leading to BOP disciplinary proceedings against him. The offenses pertinent herein, all for unauthorized use of the telephone, occurred on December 18, 2004, January 1, 2005, and January 18, 2005, and the petitioner attaches copies of these incident reports. Each time, he was found guilty of the charges and was sanctioned with the loss of telephone privileges. The petitioner's calculations differ in two submitted documents. He recites in his petition that for the latter two offenses, the penalties were for 18 months each, making a loss of telephone privileges until June 18, 2009. In another document (Exhibit [hereinafter "Ex."] E), he complains of an aggregate 24-month penalty.

Six months after the last conviction and after the petitioner had been moved to the federal prison, he wrote a memorandum to Warden Stine, asking to have his telephone privileges restored on the ground that the decisions, made while he was a pretrial detainee, were not

according to the requirements of his due process rights and BOP policy. *Id.* The warden denied relief. His attached response of August 4, 2005 (Ex. F), shows that he relied on the BOP's Program Statement 5264.07, <u>Telephone Regulations for Inmates</u>, which does not authorize him to modify a telephone sanction, and Program Statement 5070.07, <u>Inmate Discipline and Special Housing Units</u>, which contains the proper way to seek relief from a penalty imposed after disciplinary proceedings.

Another exhibit shows that on December 29, 2005, Petitioner Eaton began the formal 2-tiered BOP administrative process for relief, as set out in Program Statement 5070.07, by writing a request to his counselor to have his telephone privileges restored. Ex. G. The counselor's response was that "(1) Even as a pre-trial inmate you must follow rules, (2) You are outside your appeal grace period." *Id.* The petitioner stopped there. He did not appeal. Now the petitioner has asked that the Court not require him to follow the remedy scheme further, as it would be a futile effort.

<u>DISCUSSION</u>

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a district court the authority to dismiss a case at any time if the Court makes certain findings. *Id.* The Court begins with a pre-condition to filing a petition for writ of habeas corpus, *i.e.*, the would-be petitioner's exhaustion of administrative remedies. Prisoners in the

custody of the Federal Bureau of Prisons are required to exhaust the Bureau's administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in BOP institutions require that a prisoner present his complaint or grievance to 4 levels of officials, as us set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a formal request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file the formal written request to the Warden, on a BP-9 form. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10 form), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11). *See* §542.15.

The instant petitioner does not allege exhaustion of the administrative process prior to filing in federal court. To the contrary, his exhibits demonstrate that he has completed only the first of the four required levels, with his request to a staff member. Since one of the reasons for the counselor's rejection of the request was based on its untimeliness, the petitioner asks that the Court waive the final three appeals.

4

However, an official's rejection of a prisoner's administrative remedy on the ground that it is untimely does not end the prisoner's obligations. The Sixth Circuit has specifically held that by rejecting a claim as untimely, the prison officials may have missed an opportunity to address the problem but the prisoner is not relieved of his burden to go to the next level(s) to fully exhaust the administrative remedy scheme. *Thomas v. Woolum*, 337 F.3d 720, 745-44 (6th Cir. 2003).

While there are circumstances in which the Court may waive the exhaustion requirement, the Court is not inclined to do so, as the equities in such cases as *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky.2004), do not exist herein. *See also James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987). After the initial denial of relief by the staff member, the warden and national officials of the BOP may choose to address the merits of his claims; refine the issues; and perhaps, grant some relief.

Giving the prison officials "fair notice" of a problem also facilitates "development of 'an administrative record that clarifies the contours of the controversy' in advance of litigation." *Burton v. Woolums*, 321 F.3d, 569, 575 (6th Cir. 2003). That administrative record prepares a record for the federal court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The instant petitioner has not assisted the Court by providing a record. He has also not helped himself. His complaint must be dismissed for his failure to exhaust the Department of Corrections process prior to filing the instant cause of action. *See Mentecki v. Corrections Corp. of America*, 234 F.3d 1269, 2000 WL 1648127 (6th Cir. 2000) (unpublished) (impermissible for prisoners to begin the process, then short-circuit the system, and later allege

the futility of going further).

The dismissal herein will be without prejudice to the petitioner's ability to bring the same issue(s) in a later action with a demonstration of exhaustion. Should he do so, however, he is advised that this Court will construe the matter as a civil action, a "prison conditions" case, pursuant to 28 U.S.C. §1331 for injunctive relief, rather than a habeas proceeding, because the petitioner does not claim to be entitled to "a speedier release." *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Lorenzo Eaton's petition for writ of habeas corpus is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 4th day of May, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge